In the Matter of LEONA M. CAIRNS, Petitioner, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Comptroller of the State of New York as head of the New York State Employees' Retirement System. In June, 1957 the petitioner's husband, now deceased, made application to the State Comptroller for accidental disability retirement benefits pursuant to the State Retirement and Social Security Law. The decedent had been a policeman employed by the Village of Catskill and had been a member of the State Retirement System. He suffered an injury in the course of employment on October 29, 1953, over three years before his application for accidental retirement benefits. He was permanently and totally disabled when he applied for benefits; the issue in this case is whether this disability resulted from the 1953 accident. The Comptroller by initial determination disapproved the application; and on application of the present petitioner a rehearing and redetermination were had as a result of which the application was again disapproved. Whether the decedent's disability in 1957 was due to the accident of 1953 is a medical question and the Comptroller had proof in both directions. It is clear that from 1953, at least, decedent's condition was diagnosed as due to carcinoma; that he was suffering from this disease as a direct cause of his disability in June, 1957 and that this was the cause of his death on September 13, 1957 which occurred while the application for disability benefits was pending before the Comptroller. There is clear and unequivocal medical evidence in the record to the effect the accident of 1953 had no relation to the cancer and its disabling

consequences. Although it is argued by petitioner that the Comptroller's acceptance of this proof results in a decision that is "against the weight of evidence" our power of review does not admit of annulment of the determination because we would, on our view of the evidence, make a finding the other way. If the Comptroller had before him substantial evidence to sustain his ruling, we feel required to confirm; and the medical opinion in this record constitutes substantial evidence. Determination unanimously confirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.